UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

KEVIN LEE GRADY,

Case No. GG 09-06724
Chapter 7

Debtor.

_____/

## MEMORANDUM OPINION GRANTING DEBTOR'S MOTION FOR RECONSIDERATION AND, UPON RECONSIDERATION, RESTATING DENIAL OF DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY

Appearances:

Christian G. Krupp, II, Esq., Grand Rapids, Michigan, attorney for Kevin Lee Grady, Debtor.

Rebecca L. Thomas, Esq., Kentwood, Michigan, attorney for Reitberg Realty and Rusty Richter, Creditors.

## I.  FACTS AND PROCEDURAL BACKGROUND.

Kevin Lee Grady (the "Debtor") filed this chapter 7 case on June 3, 2009.  Shortly thereafter, on June 18, 2009, the Debtor filed a Motion to Enforce Automatic Stay and Request for Damages (the "Motion").  In the Motion, the Debtor alleged that Rietberg Realty and Rusty Richter (the "Creditors") seized property from the Debtor's place of business, located at 3321 East Paris in Kentwood, Michigan (the "East Paris Offices"), the day after the Debtor's chapter 7 case was filed.  The Debtor further alleged that the Creditors were aware that the Debtor's bankruptcy case had been filed, but proceeded with the seizure in willful violation of the automatic stay.  The Creditors filed a response to the Motion, and an evidentiary hearing was held before this court on August 5 and 12, 2009.

At the beginning of the hearing, the court advised the parties that it would bifurcate the issues. Because the automatic stay only protects property of the debtor or the debtor's bankruptcy estate, see 11 U.S.C. § 362(a), the court determined that the Debtor must first establish that the property seized by the Creditors belonged to the Debtor individually, rather than to a related non-debtor corporate entity. To that end, the Debtor's attorney offered the testimony of two witnesses and introduced two exhibits into evidence. The first exhibit was a series of receipts, invoices, and quotations for various purchases, including telecommunications equipment, flooring, and office furniture. Without exception, the documents showed that the items were "Sold to" Michigan Home Mortgage Corporation and/or Michigan Home Finance, and not to the Debtor individually. The second exhibit was a series of photographs taken by the Debtor after the personal property was seized. The photographs showed that the East Paris Offices were essentially "trashed" after the seizure occurred.

After the close of proofs, the court made specific findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.[1] The court held that the evidence presented by the Debtor failed to establish that the personal property seized from the East Paris Offices belonged to the Debtor individually. The court commented that the Creditors took a major risk in seizing the property after the commencement of the Debtor's bankruptcy case. The court also speculated that some of the property seized by the Creditors likely belonged to the Debtor personally and that seizure of this property was

---

[1] In its extemporaneous oral bench opinion, the court stated it had jurisdiction over the case, 28 U.S.C. § 1334, and the contested matter was a core proceeding, 28 U.S.C. § 157(b)(2)(A) and (O).

probably a violation of the stay. For instance, even if the Debtor did not own the majority of the office furniture and equipment, he likely kept some personal effects, such as photographs, collectibles, etc., in his office. Seizure of any of these items would have been a violation of the stay. However, the court found that the only evidence introduced by the Debtor involved property owned by non-debtor corporate entities. In short, regardless of what the court may have initially believed, the Debtor (or the Debtor's attorney) *failed to prove the necessary facts to justify the requested relief*. Because the seizure of non-debtor property is not a violation of the automatic stay, the court denied the Debtor's Motion.

On August 27, 2009, the Debtor timely filed his Motion for Reconsideration. The Debtor's Motion for Reconsideration asserts that the court "misunderstood" the facts presented at the evidentiary hearing. The Debtor also attached several additional exhibits to his Motion for Reconsideration.[2] The Debtor asserts that these documents constitute "newly discovered evidence" which supports his original Motion. The court has carefully reviewed the Motion for Reconsideration and has concluded that oral argument would not materially assist in its determination regarding the requested relief.

## II. DISCUSSION.

The Debtor's Motion for Reconsideration was filed pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable to this proceeding. Matter of No-Am Corp., 223 B.R. 512, 513 (Bankr. W.D. Mich. 1998); see Barger v. Hayes County Non-Stock Co-op (In re Barger), 219 B.R. 238, 244 (Bankr.

---

[2] Curiously, some of the attached documents again demonstrate that the property seized was non-debtor property.

3

8th Cir. 1998) (Courts generally view "any motion which seeks a substantive change in a judgment as a Rule 59(e) motion, if it is made within ten days of the entry of the judgment challenged."). Alteration or amendment of a judgment under Rule 59(e) is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). Nor are motions for reconsideration "appropriate merely to let the losing party supplement the evidentiary record that was before the court." Schilling v. Montalvo (In re Montalvo), 329 B.R. 234, 239 (Bankr. W.D. Ky. 2005) (citing In re Corky Foods Corp., 91 B.R. 998, 999 (Bankr. S.D. Fla. 1988)).

Having considered the Debtor's Motion for Reconsideration under these standards, the court finds no grounds for setting aside its prior order. The documents introduced by the Debtor and entered into evidence at the hearing show, without exception, purchases made by Michigan Home Mortgage Corporation and Michigan Home Finance. The only conclusion that can be drawn from these documents is precisely the opposite of the position the Debtor was advocating – that is, the documents established that the flooring, furniture and equipment in the East Paris Offices was owned by non-debtor corporate entities and not the Debtor himself.

The so-called "newly discovered evidence" attached to the Debtor's Motion for

Reconsideration likewise fails to establish grounds for setting aside this court's prior order. To justify amendment of a judgment under Federal Rule of Bankruptcy Procedure 9023, "newly discovered evidence" must satisfy three criteria.

> First, the new evidence must have been discovered after judgment and [the] movant must have been excusably ignorant of the facts at the time of trial despite due diligence. Second, the evidence discovered must be of a nature that would probably change the outcome of the case. Third, the evidence must not be merely cumulative or impeaching.

In re Montalvo, 329 B.R. at 237 (citing In re Covino, 241 B.R. 673, 679 (Bankr. D. Idaho 1999)). The evidence cited by the Debtor in support of his Motion for Reconsideration fails to meet this standard for two reasons. First, the Debtor has not established that he exercised due diligence in trying to obtain the evidence prior to the evidentiary hearing. The Debtor claims that he requested the "newly discovered" documents before the hearing, but that third parties did not respond to his requests until after the hearing was concluded. However, Debtor's counsel failed to make any formal discovery requests in an effort to obtain the documents prior to the evidentiary hearing. Debtor's counsel also failed to request an adjournment of the evidentiary hearing to allow the documents to be obtained. Under these circumstances, the court finds that the Debtor and his counsel did not exercise due diligence to obtain the documents prior to entry of the court's order. "When the new evidence was available prior to trial and the part[y's] own lack of diligence in conducting discovery caused the party's failure to discover the evidence, the subsequent discovery of the evidence is insufficient grounds for a new trial." In re Montalvo, 329 B.R. at 238 (citing In re Gorman, 2001 WL 1640064 (D. Minn. 2001)) (additional citations omitted).

Second, even if the court were to consider the "newly discovered evidence" submitted by the Debtor, the evidence would not alter the court's prior determination that the property seized by the Creditors did not belong to the Debtor individually. The Debtor provides several receipts showing purchases he made from ABC Appliance, Inc. and Art Van Furniture. However, there is no documentation or other evidence proving that these items were in the East Paris Offices at the time the seizure occurred or establishing that these items were taken or damaged by the Creditors. The Debtor also attaches a check in the amount of approximately $5,000 made out to Excel Office Interiors. Although this check is signed by the Debtor, it is drawn on the account of Keys Realty, LLC. Again, this does not establish that the furniture in the East Paris Offices was owned by the Debtor individually.[3] Finally, the Debtor provides a letter from Excel Office Interiors, explaining that "Mr. Grady seems to have been the proprietor/owner of a number of legal entities and Excel Office Interiors has simply billed to one account for consolidated activity." However, the attached customer ledger references only purchases made by Michigan Home Finance and the payment made by Keys Realty, LLC. This does not establish that any office furniture was purchased by the Debtor personally.

The court has reconsidered its prior findings of fact and conclusions of law and has determined that the record adequately establishes that the prior decision was legal, just,

---

[3] The court makes this finding notwithstanding the letter (dated after the initial hearing was concluded) from Keys Realty Broker Monica Harris which states her *understanding* that "Kevin Grady was supplying all office furniture, office equipment and office supplies at the East Paris Offices." Ignoring any possible hearsay objection, Ms. Harris' "understanding" carries little weight considering the check itself shows that the payment to Excel was made by Keys Realty, LLC, a separate, non-debtor entity.

and proper under the Bankruptcy Code and Rules. Reiterating what the court stated at the conclusion of the evidentiary hearing, the court believes the Creditors may have violated the automatic stay when they seized property from the East Paris Offices. But a finding that the Creditors violated the stay requires more than just a "belief" that a violation may have occurred. It is the Debtor's burden to present facts and evidence to prove that the property taken was property of the Debtor's bankruptcy estate. The Debtor has failed to meet that burden.

### III. CONCLUSION.

The Debtor has failed to demonstrate that the court erred in denying his Motion to Enforce Automatic Stay or that further proceedings are warranted. The Debtor's Motion to Reconsider is GRANTED, but upon review of the record, the prior court order denying the Debtor's Motion to Enforce Automatic Stay is RESTATED. A separate order shall enter accordingly.

Dated this 29th day of September, 2009
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

7